UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01193-TWP-DML |
| | ) | |
| CIF, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Regarding Filing Fee, Screening and Dismissing Complaint, and Directing Further Proceedings**

### I. Filing Fee

Plaintiff Brandon Stone shall have through **April 30, 2019**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on March 25, 2019. 28 U.S.C. § 1915(a)(2).

### II. Screening and Dismissing Complaint

#### A. Screening Standard

Mr. Stone is a prisoner currently incarcerated at Correctional Industrial Facility (CIF). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

### B. The Complaint

Mr. Stone sues CIF because he was denied cell decontamination from September 6 to 9, 2018. Dkt. 1 at 1. He requests monetary damages.

### C. Discussion of Claims

Any claims against CIF must be **dismissed for failure to state a claim** because CIF is a building, not a suable entity under § 1983. Accordingly, Mr. Stone's complaint must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A(b).

### III. Directing Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Stone shall have through **April 30, 2019**, in which to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case . . . a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; (c) explain which individuals

are responsible for the wrongful conduct alleged; and (d) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:19-cv-01193-TWP-DML, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller,* 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If an amended complaint is filed as directed above, it will be screened pursuant to 28 U.S.C. § 1915A. If no amended complaint is filed, this action will be dismissed for the reasons set forth above without further notice or opportunity to show cause.

The **clerk is directed** to include a copy of the Court's blank Complaint form with Mr. Stone's copy of this Order.

**SO ORDERED.**

Date: 3/29/2019

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON STONE
254703
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064