UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01193-TWP-DML |
| | ) | |
| CIF, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Amended Complaint, Dismissing Insufficient Claim, and Directing Service of Process**

### I. Screening Amended Complaint

**A. Screening Standard**

Plaintiff Brandon Stone is a prisoner currently incarcerated at Correctional Industrial Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Amended Complaint

Mr. Stone names as defendants Warden Wendy Knight and Sergeant Wendy Couch. He alleges that on September 6, 2019[1], around 10:15am, he was purposefully noncompliant with an extraction team. He was thereafter sprayed with about 3 oz of pepper spray. When he was taken out of his cell, he was only permitted to shower for less than two minutes with his hands still handcuffed behind his back. He was then forced to sit in his still-contaminated cell in restraints and his wet boxers for about four to five hours before they finally removed his restraints. He was thereafter forced to remain in the still contaminated cell in his wet and pepper-sprayed boxers, burning for three days with no relief. He alleges that Sergeant Couch refused to provide him with a fresh pair of boxers or to clean his cell, stating that the orders came from "higher up than her." Dkt. 6 at 3. Mr. Stone requests monetary damages and injunctive relief. *Id.* at 4.

### C. Discussion of Claims

Any claim against Warden Wendy Knight is **dismissed** because Mr. Stone has not alleged that Warden Knight was personally involved. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or

---

[1] The Court presumes that Mr. Stone meant to write September 6, 2018. *See* dkt. 1.

participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Mr. Stone's Eighth Amendment cruel and unusual punishment claim **shall proceed** against defendant Sergeant Wendy Couch.

This summary of claims includes all of the viable claims identified by the Court in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through May 24, 2019**, in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Sergeant Wendy Couch in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 6), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to update the docket to reflect that the only defendant is Sergeant Wendy Couch.

**IT IS SO ORDERED.**

Date: 4/25/19

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON STONE
254703
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic service to the following IDOC employee at Correctional Industrial Facility:

Sergeant Wendy Couch