UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01193-TWP-DML |
| | ) | |
| WENDY COUCH, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter is before the Court on Mr. Stone's motion for leave to file a second amended complaint, dkt. [68]. For the reasons stated below, the Motion is **denied**.

Mr. Stone's motion does not comply with the Court's local rules. The motion is not accompanied by a proposed amended complaint that includes all defendants, claims, and factual allegations he wishes to pursue in the action. *See* S.D. L.R. 15-1. Rather, the plaintiff asks for "45 days in which to prepa[re] and file his amended complaint." Dkt. 68.  The Motion being incomplete and in violation of the local rules is grounds to for denial.

The Court will also address the timeliness of Mr. Stone's motion. Mr. Stone filed his original complaint on March 25, 2019, and his first amended complaint on April 17, 2019. Dkts. 1 and 6. On April 25, 2019, the Court screened the amended complaint and gave Mr. Stone until May 24, 2019, to identify any additional claims he believed were alleged in the first amended complaint. Dkt. 8 at 3. The Court notes that Mr. Stone moved to amend his complaint two additional times within that timeframe, and the Court denied both motions.[1] Dkts 17, 18, 20, 25. The defendant then filed her answer to Mr. Stone's first amended complaint. Dkts. 27 and 29. After

---

[1] The Court denied Mr. Stone's motions to amend his complaint to add the Indiana Department of Correction and Pendleton Correctional Industrial Facility because these entities were improper defendants. Dkts. 18 and 20.

the affirmative defense of exhaustion was withdrawn, the Court set a pretrial scheduling order on

November 5, 2019. *See* dkts. 44 and 45. Pursuant to the Court's pretrial scheduling order:

> Any party who wants to amend its Complaint, Answer, or other pleading must file the amended pleading by [**January 27, 2020**]. This includes adding new parties to the suit. After this deadline, a party seeking to amend a pleading must file a motion for leave to amend with the proposed amended pleading attached. If the plaintiff seeks to amend his Complaint, the proposed Amended Complaint must contain all claims against all defendants and stand complete on its own. The proposed Amended Complaint, if accepted, will replace the prior Complaint in its entirety. The motion for leave to file an Amended Complaint must explain how the Amended Complaint differs from the most recently filed Complaint and explain why it was not amended within the above deadline.

Dkt. 45 at 3. Mr. Stone's motion comes more than five months after the Court's deadline for the

parties to amend the pleadings. Moreover, Mr. Stone has made prior unsuccessful attempts to

amend his complaint.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely

give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807

(7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "The Supreme Court has interpreted [Rule

15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility,

undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec.

Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S.

178, 182-83 (1962)). But when a party moves to amend the pleading after the deadline to amend

is set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before

considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*,

651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary

consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720.

Mr. Stone's motion is untimely. He merely states: "At the time the Plaintiff filed his

complaint, the Plaintiff didn't have the proper knowledge to adequately prepa[re] and file a claim.

The Plaintiff feels that his complaint was po[orly] done and didn't properly convey the events for which suit is being brought." Dkt. 68 at 1. The Court finds that Mr. Stone has not met the heightened standard here – and has not demonstrated diligence in the researching and development of any amendments he seeks to make to his complaint at this stage of the litigation.

Once a pretrial scheduling order has been issued and multiple attempts to amend the complaint have failed, it is prejudicial to allow subsequent amendments to a complaint where good cause does not exist. Accordingly, Mr. Stone's motion to amend his complaint, dkt. [68], is **DENIED** as incomplete, untimely, and failing to demonstrate good cause. The first amended complaint, dkt. [6] remains the operative complaint in this action.

**IT IS SO ORDERED.**

Date:    7/27/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON STONE
254703
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov